Howard Marc Spector
TBA # 00785023
Nathan M. Johnson
TBA # 00787779
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
Hspector@spectorjohnson.com

COUNSEL FOR THE DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Medapoint, Inc., | § | Case No. 17-10876 |
| | § | |
| Debtor. | § | (Chapter 11) |

**DEBTOR'S EXPEDITED MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, AND 365, AND BANKRUPTCY RULES 2002, 6004, AND 6006, FOR ENTRY OF AN ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND/OR ASSIGNMENT OF <u>CERTAIN EXECUTORY CONTRACTS, AND (C) GRANTING RELATED RELIEF</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**:

MedaPoint, Inc. (the "**Debtor**") debtor-in-possession in the above-captioned Chapter 11, files this Motion, Pursuant to Bankruptcy Code Sections 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006, for Entry of an Order (A) Authorizing the Sale of Assets Free and Clear of all liens, Claims, Encumbrances and Other Interests, (B) Authorizing the Assumption and/or Assignment of Certain Executory Contracts, and (C) Granting Related Relief (the "**Motion**"). Through the Motion, the Debtor requests entry of an order

    (i)    authorizing and approving the sale ("**Sale**") of all or substantially all of the Debtor's assets ("**Assets**") free and clear of all liens, claims, encumbrances, and other interests pursuant to an asset purchase agreement between the Debtor and the "Successful Bidder" (as defined below) at the Auction;

    (ii)    authorizing and approving the assumption and/or assignment of certain executory contracts; and

(iii) granting certain related relief.

In support of the Motion, the Debtor states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Sections 105(a), 363(b), (f), and (m), and 365 of the title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

3. On July 17, 2017 (the "**Petition Date**"), the Debtor filed for bankruptcy protection under chapter 11 of title 11 of the Bankruptcy Code. Since the Petition Date, pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor has continued to operate its business and manage its property as a debtor in possession.

4. No creditors' committee has been appointed in this case by the United States Trustee. Furthermore, no trustee or examiner has been requested or appointed in this Chapter 11 case.

5. The Debtor is a provider of software solutions to emergency medical services providers throughout the United States, including one of the nation's leading private ambulance services.

6. The Debtor hired the investment banking firm Match Point Partners, LLC ("**Match Point**") to market the Debtor's assets for sale pursuant to 11 U.S.C. § 363.

7. During the 363 sale process, which lasted over six months, Match Point and the Debtor were unable to obtain any binding offers to purchase the Debtor's assets.

8. On May 11, 2018, MedaPoint D.I.P. Financing SPV, LLC ("**Lender**") filed the Motion for Relief from Stay.

9. On May 15, 2018, Match Point forwarded the Debtor a letter of interest from Beyond Lucid Technologies, Inc. dated May 9, 2018.

**Relief Requested**

10. Based on the marketing process and diligence completed to date, the Debtor has concluded that: a prompt and open sale of the Assets in which all interested buyers are encouraged to participate is the best way to maximize value for the estate under the circumstances.

11. By the Motion, the Debtor seeks, under Bankruptcy Code sections 363, 365, 503, and 507, entry of an Order:

  a. authorizing and approving the sale of the Assets subject to form of asset purchase agreement between the Debtor and one or more Successful Bidders (defined below) at the Auction (defined below) free and clear of all liens, claims, encumbrances, and other interests;

  b. authorizing and approving the assumption and assignment of certain executory contracts; and

  c. waiving the provisions of the Bankruptcy Code and Bankruptcy Ruiles which would stay the effect of an order granting the Motion, and finding that the Successful Bidders meet the requirements of good faith purchasers.

12. Parties who may be interested in purchasing the Assets should contact Debtor's' counsel, Howard Marc Spector, 12770 Coit Road, Suite 1100, Dallas, Texas 75251; Direct: 214-365-5377; [hmspector@spectorjohnson.com](mailto:hmspector@spectorjohnson.com) and request a confidentiality agreement (a "**Confidentiality Agreement**"). Upon execution of a Confidentiality Agreement, parties will be given access to the Debtor's on-line data room and may thereafter conduct due diligence.

13. The Debtor intends to recommend the sale of the Assets based on any proposal, solicitation or offer for the Assets (each, a "**Bid**") submitted by a bidder (each, a "**Bidder**") prior to or at the time of the Sale Hearing (defined below), provided however that any Bid (other than a credit bid by the Lender) must satisfy the following requirements, as determined by the Debtor in its reasonable business judgment:

- The Bid must be submitted in writing.

- The Bid must contain a signed definitive purchase and sale agreement (together with a copy of the signed agreement that is marked to show changes from any form agreement propounded by the Debtor) (a "**Qualified APA**") and shall: (i) identify the Assets the Bidder seeks to purchase, (ii) contain the form of and total consideration to be paid by such Bidder, including the amount of proposed cash consideration and any liabilities to be assumed, and (iii) not be subject to any contingency or conditions precedent to the Bidder's obligation to purchase the Assets.

- Be accompanied by the provision of a certified or bank check or wire transfer held in local (Texas) counsel's IOLTA account in the full amount of the Bid.

- Contain a written statement that the Bidder agrees to be bound by the terms of the Order approving the sale of the Assets and requiring the transmittal of all funds in cash to the Debtor immediately (i.e. the same day) upon entry of the Sale Order unless such order is stayed.

- Identify, with particularity, each and every executory contract it intends to assume and the consent of the counterparty to such contract, if required, to such assumption and assignment.

- Be accompanied by evidence satisfactory to the Debtor that the Bidder is willing, authorized (including by such Bidder's board of directors or comparable governing body), capable and qualified financially, operationally, legally and otherwise, of unconditionally performing all obligations under the Qualified APA.

- Be accompanied by documents of conveyance requested by the Bidder.

- Fully disclose the identity of each entity that will be bidding in any Auction scheduled by the Debtor.

- *Highest and/or Best Bid*. If there is more than one Bidder which submits a Qualifying APA, the Debtor shall conduct an auction ("**Auction**") at the time of the Sale Hearing to determine which of the Bids is the highest and best Bid. At all times, the Debtor shall retain the right to determine which Bid or Bids constitutes the highest or otherwise best offer for the purchase of the Assets (whether in an aggregate sale to a single buyer or on an asset by asset basis), and which Bid or Bids should be selected as the highest and best (the "**Successful Bid(s)**"), if any, all subject to final approval by the Court pursuant to the provisions of Section 363(b) of the Bankruptcy Code. The Debtor may adopt rules for the Auction that, in its judgment, will better promote the goals of the Auction and that are not inconsistent in any material respect with any of the other material provisions hereof or of any Court order.

- *Proceeds.* All valid and properly perfected liens against the Assets shall attach to the proceeds of the Sale of such Assets unless authorized to be paid by the

Court.

- *Sale Hearing*. A hearing (the "**Sale Hearing**") has been scheduled by the Court for on May 29, 2018 at 9:00 a.m. Immediately following the conclusion of any Auction, the Debtor will present the individual or entity making the Successful Bid(s) (the "**Successful Bidder**") for approval by the Court pursuant to the provisions of Sections 105, 363(b), 363(f), 363(m), 363(n), and 365 of the Bankruptcy Code. The Debtor shall be deemed to have accepted a Bid only when the Bid has been approved by the Court at the Sale Hearing.

- *Sale Implementation*. Following the approval of the Successful Bid(s) at the Sale Hearing, the Debtor will be authorized to take any and all actions necessary and appropriate to facilitate the closing of the Sale (the "**Closing**") and implement the transactions contemplated by the Successful Bid(s). This shall include enforcing the requirement that the Successful Bidder immediately tender the consideration contained in the Successful Bid to the Debtor.

**Sale of the Assets is An Exercise of the
Debtor's Reasonable Business Judgment**

14. Bankruptcy Code § 363(b)(1) provides: "[t]he Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Bankruptcy Code § 105(a) provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. Courts have held that approval of a proposed sale of substantially all of the assets of a debtor under Bankruptcy Code § 363 outside the ordinary course of business and prior to the confirmation of a plan of reorganization is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the trustee or debtor-in-possession. *See In re Abbotts Dairies of Pa.*, 788 F.2d 143 (3d Cir. 1986); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (holding that the following non- exclusive list of factors may be considered by a court in determining whether there is a sound business purpose for an asset sale: "the proportionate value of the asset to the estate as a whole; the amount of elapsed time since the filing; the effect of the proposed disposition of [sic] the future plan of reorganization; the amount of proceeds to be obtained from the sale versus appraised values of the property; and whether the asset is decreasing or increasing in value."); *In re Stroud*

*Ford, Inc.*, 164 B.R. 730, 732 (Bankr. M.D. Pa 1993); *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Industrial Valley Refrigeration & Air Conditioning Supplies Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a Section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith").

16. The "sound business reason" test requires a trustee or debtor-in-possession to establish four elements: (1) that a sound business purpose justifies the sale of assets outside the ordinary course of business; (2) that accurate and reasonable notice has been provided to interested persons; (3) that the trustee has obtained a fair and reasonable price; and (4) good faith. *In re Titusville Country Club*, 128 B.R. at 399; *In re Sovereign Estates, Ltd.*, 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989); *Phoenix Steel Corp.*, 82 B.R. at 335-36; *see also Stephens Indus.*, 789 F.2d at 390; *In re Lionel Corp.*, 722 F.2d at 1071.

17. Additionally, prior to and after enactment of the Bankruptcy Code, courts have permitted a proposed sale of all or substantially all assets of a debtor outside the ordinary course of business if such a sale is necessary to preserve the value of assets for the estate, its creditors or interest holders. *See In re Abbotts Dairies of Pa., Inc.*, 788 F.2d at 143; *In re Lionel Corp.*, 722 F.2d at 1063 (passim); *In re Equity Funding Corp. of America*, 492 F.2d 793, 794 (9th Cir. 1974) ("Other circuits have recognized the power of the bankruptcy court under Chapter X to authorize a sale of the Debtor's property under less than emergency conditions where such sale is necessary to avoid deterioration in the value of the assets").

18. The Sale of the Debtor's Assets meet the "sound business reason" test. First, sound business purposes justify the Sale. The Debtor believes that the prompt Sale of the Assets

by auction presents the best opportunity to realize the maximum value of the estate's assets for distribution to creditors. Furthermore, the Debtor continues to incur costs that, if a Sale is not consummated promptly, likely will erode the possibility that the Debtor can make any distribution to administrative creditors in the case. *See In re Lionel Corp.*, 722 F.2d at 1071 (of factors for court to evaluate on motion under Section 363(b), "most important perhaps, [is] whether the asset is increasing or decreasing in value").

### The Successful Bidder Should Be Granted the Protections of Bankruptcy Code § 363(m)

19. The Debtor intends to show at the Sale Hearing that any Successful Bidder will be entitled to the protections afforded by Bankruptcy Code § 363(m), which provides:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

20. While the Bankruptcy Code does not define "good faith," "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986) (citations omitted); *see generally Marin v. Coated Sales, Inc., (In re Coated Sales, Inc.)*, Case No. 89-3704 (KMW), 1990 WL 212899 (S.D.N.Y. Dec. 13, 1990) (holding that a party, to show lack of good faith, must demonstrate "fraud, collusion, or an attempt to take grossly unfair advantage of other bidders"); *see also In re Sasson Jeans, Inc.*, 90 B.R. 608, 610 (S.D.N.Y. 1988) (quoting *In re Bel Air Assocs., Ltd.*, 706 F.2d 301, 305 (10th Cir. 1983)); *In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) (examining facts of each case, concentrating on "integrity of [an actor's] conduct during the sale proceedings" (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).

21. As the Debtor will demonstrate at the Sale Hearing, any Successful Bidder shall have negotiated and dealt with the Debtor at arm's length. Under these circumstances, this Court should find in the order approving the sale of the Assets that Successful Bidder is entitled to all of the protections of Bankruptcy Code § 363(m).

### The Sale Will Not Be the Result of Collusive Bidding
### Under Section 363(n) of the Bankruptcy Code

22. As set forth above, the Debtor will select the Successful Bidder for the Sale of the Assets at arm's length and in good faith. Moreover, the Debtor does not believe that any such Sale will be the result of collusion or other bad faith between Bidders or that the sale price under a definitive purchase and sale agreement of a Successful Bidder will be controlled by an agreement between potential or actual bidders within the meaning of Bankruptcy Code Section 363(n).

23. As the Debtor will demonstrate at the Sale Hearing, a definitive purchase and sale agreement of a Successful Bidder will be negotiated, proposed, and entered into by the Debtor and the Successful Bidder, as applicable, without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor a Successful Bidder will have engaged in any conduct that would cause or permit the sale to the Successful Bidder to be avoided under Bankruptcy Code Section 363(n).

### Sale of the Assets Should Be Free and
### Clear of liens, claims and interests

24. Pursuant to Bankruptcy Code § 363(f), the Debtor seeks authority to sell and transfer the Assets free and clear of all liens, claims and interests, with such liens, claims and interests to attach to the proceeds of the Sale of the Assets (unless paid by Order of the Court at the time of Closing), subject to any rights and defenses of the Debtor and other parties in interest with respect thereto. Bankruptcy Code § 363(f) provides, in pertinent part:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). *See also In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (holding that because Bankruptcy Code § 363(f) is written in the disjunctive, a court may approve a sale "free and clear" if at least one of the requirements is met).

25. A sale free and clear of all liens, claims and interests is necessary to maximize the value of the Assets. A sale subject to liens, claims and interests would result in a lower purchase price and be of substantially less benefit to the Debtor's estate. A sale free and clear of liens is particularly appropriate under the circumstances because any lien in, to or against the Assets that exists immediately prior to the closing of any sales will attach to the sale proceeds with the same validity, priority, force and effect as it had at such time (unless paid by Order of the Court at the time of Closing), subject to the rights and defenses of the Debtor or any party in interest. The Debtor submits that holders of liens will be adequately protected by the availability of the proceeds of the Sale to satisfy their liens. Thus, the proposed sales satisfy Bankruptcy Code § 363(f). Moreover, any holder of a lien, claim or interest that receives notice of the Sales and which fails to object to the Sale of the Assets free and clear of liens, claims and interests should be deemed to consent to the Sales, thereby complying with Bankruptcy Code § 363(f)(2).

### The Assumption and Assignment of the Assumed and Assigned Contracts Should Be Authorized

26. Under Bankruptcy Code § 365(a), a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Bankruptcy Code § 365(b)(1), in turn, codifies the requirements for assuming an executory contract of a debtor. This subsection provides:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

    (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;

    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease.

27. 11 U.S.C. § 365(b)(1). Bankruptcy Code § 365(f)(2) provides, in pertinent part, that:

The trustee may assign an executory contract or unexpired lease of the debtor only if --

    (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

    (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2). Moreover, an executory contract or unexpired lease may be assigned "notwithstanding a provision in an executory contract or unexpired lease . . . or applicable law, that prohibits, restricts, or conditions the assignment of such contracts or lease. . . ." 11 U.S.C. § 365(f)(1)

28. The Debtor does not have the resources to cure any executory contract. Accordingly, the Debtor will not be seeking to bind any counterparty to an executory contract to a cure amount, or to cure a default. Executory contracts will be assumed and assigned under the Bankruptcy Code only with the consent of the contract counterparty. Any other assignment will be pursuant to applicable non-bankruptcy law only.

### Waiver of Automatic Fourteen-Day Stay
### Under Bankruptcy Rules 6004(h) and 6006(d)

29. Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to Section 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order. Similarly, under Bankruptcy Rule 6006(d), unless the Court orders otherwise, all orders authorizing the assignment of contracts or unexpired leases are automatically stayed for fourteen (14) days after entry of the order. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h); Advisory Committee Notes to Fed. R. Bankr. P. 6006(d).

30. Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, commentators agree that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure. *See generally* 10 Collier on Bankruptcy ¶ 6004.09 (15th ed. 1999). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. *Id.*

31. Because of the diminishing value of the Assets, the Debtor must close the sale immediately. Thus, waiver of any applicable stays is appropriate in this circumstance.

WHEREFORE, the Debtor respectfully requests that this Court enter an order at the conclusion of the Sale Hearing, (a) approving the Sale(s) of all or substantially all of the Assets free and clear of all liens, encumbrances, claims and other interests pursuant to one or more Qualified APAs; (b) authorizing the assumption and assignment of any executory contracts; and (c) granting such other and further relief as it deems just and proper.

Dated: May 19, 2018

Respectfully submitted,

By:   */s/ Howard Marc Spector*
      Howard Marc Spector
      TBA #00785023
SPECTOR & JOHNSON, PLLC
Banner Place, Suite 1100
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorjohnson.com

COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing pleading was served via electronic means to all parties who receive ECF notice in this case, and via U.S. First Class Mail, postage prepaid to all parties on the attached service list on May 19, 2018.

    */s/ Howard Marc Spector*
    Howard Marc Spector

```
Label Matrix for local noticing           Medapoint, Inc.                        U.S. BANKRUPTCY COURT
0542-1                                    3005 S. Lamar Blvd.                    903 SAN JACINTO, SUITE 322
Case 17-10876-tmd                         Suite D109-136                         AUSTIN, TX 78701-2450
Western District of Texas                 Austin, TX 78704-8864
Austin
Sat May 19 14:04:02 CDT 2018

10320 Boulder Lane #433                   360 Internet Marketing LLC             9Gauge Partners, LLC
10                                        3006 Longhorn Blvd., Ste. 109          1717 W. 6th St #380
Austin, TX 78726-1845                     Austin, Texas 78758-7631               Austin, TX 78703-4868


Acryness                                  Amanda Whaley                          American Express
128 Talbert Road, Suite J                 12323 Willow Bend                      P.O. Box 650488
Mooresville, North Carolina 28117-7121    Austin, Texas 78758-2819               Dallas, TX 75265-0448


American Express Bank, FSB                Ana Boza                               Answer Connect
c/o Becket and Lee LLP                    4700 Rue Street                        MS 61, P.O. Box 4000
PO Box 3001                               Austin, Texas 78731-5622               Portland, Oregon 97208-4000
Malvern  PA 19355-0701


Austin Community College District         Austin ISD                             Blake E. Ducharme
c/o Bruce Elfant                          c/o Bruce Elfant                       c/o Cleveland R. Burke
P.O. Box 1748                             P.O. Box 1748                          Waller
Austin, TX 78767-1748                     Austin, TX 78767-1748                  100 Congress Avenue, Suite 1800
                                                                                 Austin, Texas 78701-4042


Breaux B Castleman Roth IRA               Breaux B. Castleman                    Breaux Castleman
1415 S. Voss Rd, Suite 110-109            c/o Cleveland R. Burke                 1415 S. Voss Rd, Suite 110-109
Houston, Texas 77057-1086                 Waller                                 Houston, Texas 77057-1086
                                          100 Congress Avenue, Suite 1800
                                          Austin, Texas 78701-4042


Bryan Rys                                 CNA                                    Catalyst Design
10320 Boulder Lane #433                   P.O. box 790094                        P.O. Box 82811
Austin, TX 78726-1845                     St. Louis, Missouri 63179-0094         Austin, Texas 78708-2811


Ceal Technology, LLC                      Change Healthcare                      CitrixOnline
2147 Barton Hills Drive                   P.O. Box 572490                        7414 Hollister Avenue
Austin, TX 78704-4658                     Murray, UT 84157-2490                  Goleta, California 93117-2583


Clear Measure                             Cool Apps                              Crestech Software Systems
11044 Research Blvd, Suite B-220          13A Tintyava Street, FL4 at 6          2450 Peralta Blvd, Suite 202
Austin, Texas 78759-5975                  Sofia, 1113                            Fremont, California 94536-3826
                                          BULGARIA


DSCH Capital Partners, LLC d/b/a Far West Ca   DSCH Captal Partners, LLC         Dalia Sheedy
C/O Teresa Ruiz Schober, Esq.             D/B/A Far West Capital                 2592 oak rd apt 258
400 W 15th St #1405                       4601 Spicewood Springs Rd              Walnut Creek CA 94597-7828
Austin TX 78701-1612                      Bldg 2, #200
                                          Austin, TX 78759-8598
```

| | | |
|---|---|---|
| Daniel Gill, CPA<br>1815 Piedmont Avenue<br>Austin, Texas 78757-2236 | Debra A. Moore<br>205 Sebastian's Run<br>Lakeway, TX 78738-6557 | Debra A. Moore<br>c/o Douglas J. Powell, Esq.<br>820 West 10th Street<br>Austin, TX 78701-2065 |
| Demand Boost, Inc.<br>P.O. Box 23243<br>San Jose, California 95153-3243 | Direct Recruiters<br>31300 Solon Road, Suite 4<br>Solon, Ohio 44139-3570 | DocuSign<br>1301 2nd Avenue, Suite 2000<br>Seattle, Washingont 98101-3810 |
| EB QuickStart<br>3000 S. I-35, Suite 320<br>Austin, Texas 78704-6536 | EDI Systems<br>14-Vrundavan, Nr. Piplod Jakatnaka, Pipl<br>Surat, Gujarat 395007<br>INDIA | EMC<br>4246 Collections Center Drive<br>Chicago, IL 60693-0042 |
| Eric Becker<br>4211 Galiceno Lane<br>Cedar Park, Texas 78613-7829 | Erik Sheedy<br>2592 Oak Road #258<br>Walnut Creek, California 94597-7828 | Freeborn & Peters LLP<br>c/o Todd J. Ohlms<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606-6679 |
| Freeman Company<br>1600 Viceroy, Suite 100<br>Dallas, Texas 75235-2312 | Github<br>88 Colin P Kelly Jr. Street<br>San Francisco, California 94107-2008 | GraphHopper GmbH<br>Meindlstrasse 11c<br>Munich, 81373<br>GERMANY |
| Group Avantica, Inc.<br>2680 Bayshore Pkwy, Suite 416<br>Mountain View, California 94043-1021 | Headwater Ventures LLC<br>3200 Broadmoor Ave, SE<br>Grand Rapids, MI 49512-2865 | Hill Country Springs<br>P.O. Box 2220<br>Mancheca, Texas 78652-2220 |
| Holtzman Partners<br>1710 West 6th St<br>Austin, TX 78703-4703 | Horseshoe Brothers<br>4425 S Mopac, Building #1<br>Austin, Texas 78735 | IBM<br>1601 Cherry Street, 20th Floor<br>Philadelphia, Pennsylvania 19102-1305 |
| IContact<br>2450 Perimeter Park Drive, Suite 105<br>Morrisville, North Carolina 27560-8443 | Internal Revenue Service<br>Centralized Insolvency Office<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Izenda<br>5775 Peachtree Dunwoody Road, Bldg C SU<br>Atlanta, GA 30342-1517 |
| Joe Horbey<br>1101 New Hampshire Ave NW Apt 419<br>Washington, DC 20037-1509 | John Dadey<br>2147 Barton Hills Dr.<br>Austin, Texas 78704-4658 | K&L Gates LLP<br>Attn: Greg Sapire<br>2801 Via Fortuna Suite 350<br>Austin, TX 78746-7596 |
| K&L Gates<br>925 Fourth Ave #2900<br>Seattle, WA 98104-1158 | Kenneth D. Bloem<br>607 Ottawa St.<br>Elk Rapids, MI 49629-9725 | Logicworks Systems Corp<br>c/o Richard G. Grant<br>CULHANE MEADOWS, PLLC<br>100 Crescent Court #700<br>Dallas TX 75201-2112 |

| | | |
|---|---|---|
| Logicworks Systems Corporation<br>PO Box 29978<br>New York, NY 10087-9978 | Logmein<br>7414 Hollister Avenue<br>Goleta, California 93117-2583 | Loren Parker<br>3212 Gentry Dr.<br>Austin, Texas 78746-5505 |
| Match Point Partners LLC<br>17 Mayhew Ave<br>Larchmont, New York 10538-2708 | Match Point Partners, LLC<br>c/o David W. Parham, Esq.<br>AKERMAN LLP<br>2001 Ross Ave #3600<br>Dallas, TX 75201-2938 | Match Point Partners, LLC<br>c/o John E. Mitchell, Esq.<br>AKERMAN LLP<br>2001 Ross Ave #3600<br>Dallas, TX 75201-2938 |
| Match Point Partners, LLC<br>c/o Katherine C. Fackler, Esq.<br>AKERMAN LLP<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL 32202-3659 | MedaPoint D.I.P. Financing SPV, LLC<br>c/o Cleveland Burke<br>Waller Lansden Dortch & Davis, LLP<br>100 Congress Ave #1800<br>Austin, TX 78701-4042 | MedaPoint D.I.P. Financing SPV, LLC<br>c/o Eric J. Taube<br>Waller Lansden Dortch & Davis, LLP<br>100 Congress Ave #1800<br>Austin, TX 78701-4042 |
| Micro World/SysTalent<br>Al Mirqab Jadeed St, PB No. 39456<br>Doha<br>QATAR | Microsoft Corp and Microsoft Licensing GP<br>c/o Katherine A. Seabright<br>Fox Rothschild LLP<br>1001 4th Ave. #4500<br>Seattle, WA 98154-1192 | Microsoft Licensing, GP<br>1950 N. Stemmons Fwy, Ste 5010 LB#8<br>Dallas, TX 75207-3199 |
| Mintz Levin et al<br>c/o Brian Mantarian<br>One Financial Center<br>Boston MA 02111-2657 | Mr. Manuel A. Sanchez III<br>2900 Chevy Chase<br>Houston, TX 77019-3204 | Noah Scharchberg<br>7811 Lazy Lane<br>Austin, TX 78757-1415 |
| PWW Media Inc.<br>5010 E. Trindle Road, Suite 202<br>Mechanicsburg, Pennsylvania 17050-3631 | Paisley Software Solutions<br>12036 Tulare Drive<br>Austin, Texas 78738-5428 | Paul Hanna - Exp Reimb<br>9001 Vigen Circle<br>Austin, Texas 78748-1601 |
| PennWell Corporation<br>21428 Network Place<br>Chicago, Illinois 60673-1214 | Peter J. Kok Trust<br>2057 Timber Pint Dr.<br>Ada, MI 49301-8323 | Praetorian Group<br>200 Green Street, Suite 200<br>San Francisco, California 94111-1356 |
| RDX<br>2000 Ericsson Dr #102<br>Warrendale, PA 15086-6520 | Randall Moore<br>4825 Sheridan Ave., South<br>Minneapolis, MN 55410-1918 | Ray Chase<br>631 Columbine Ave<br>Cedar Park, TX 78613-6404 |
| Real Time Cloud Services<br>228 Park Avenue, Suite 74880<br>New York, New York 10003-1502 | Regus-<br>P.O. Box 842456<br>Dallas, Texas 75284-2456 | Remote DBA Experts, LLC<br>c/o Sally E. Edison<br>Spilman Thomas & Battle, PLLC<br>301 Grant Street, Suite 3440<br>Pittsburgh, PA 15219-6401 |
| Ringcentral Inc<br>20 Davis Drive<br>Belmont, California 94002-3002 | Robert DeJong<br>1220 Troon Court<br>Grand Rapids, MI 49546-9732 | Roland Gray<br>218 Hunting Ct.<br>Jonesboro, GA 30236-4220 |

| | | |
|---|---|---|
| Ryan Rapp & Underwood<br>3200 North Central Ave #1600<br>Phoenix, AZ 85012-2401 | Salesforce.com<br>P.O. Box 203141<br>Dallas, TX 75320-3141 | Samantha Lester<br>4800 Spring Meadow Cove<br>Austin, TX 78744-3027 |
| Scott Addison<br>15088 Leonard Rd.<br>Sprink Lake, MI 49456-9214 | Scott Lachniet<br>458 Ranch Dr.<br>Northern Shores, MI 49441-4940 | Silicon Valley Bank<br>504 Lavaca St., Suite 1100<br>Austin, TX 78701-2858 |
| Silicon Valley Bank<br>c/o Riemer & Braunstein LLP<br>Three Center Plaza<br>Boston, MA 02108-2003 | Smartystreets<br>3214 N. University Avenue, #409<br>Provo, Utah 84604-4405 | Softchoice Corporation<br>701 Brazos Street<br>Austin, Texas 78701-3258 |
| South Comm Business Media<br>1233 Janesville Ave<br>Forth Atkinson, Wisconsin 53538-2738 | SouthComm Business Media LLC<br>P.O. Box 684080<br>Chicago, Illinois 60695-4080 | Spross & Associates<br>1605 Lakecliff Hills Ln., Suite 100<br>Austin, Texas 78732-2437 |
| Stalwart Communications, Inc<br>10601-G Tierrasanta Blvd.<br>San Diego, California 92124-2616 | Standards IT<br>2410 W. Memorial Road<br>Oaklahoma City, Oklahoma 73134-8047 | Steve Pynylo<br>3 Fern Close (Queensland Australia)<br>Middle Park, 04074 |
| Tartan Resources Limited (DMCC Branch)<br>Unit No. 30-01-3081, Jewellery & Gemplex<br>Dubai<br>UAE | Telerik<br>201 Jones Road, 1st Floor<br>Waltham, MA 02451-1613 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| Texas Workforce Commission<br>TWC Building - Regulatory Integrity Divi<br>101 East 15th Street<br>Austin, TX 78778-0001 | Time Warner Cable<br>P.O. Box 60074<br>City of Industry, California 91716-0074 | Travis County<br>c/o Bruce Elfant<br>P.O. Box 1748<br>Austin, TX 78767-1748 |
| Travis County<br>c/o Kay D. Brock<br>P.O. Box 1748<br>Austin, TX 78767-1748 | Travis County Healthcare District<br>c/o Bruce Elfant<br>P.O. Box 1748<br>Austin, TX 78767-1748 | Twilio<br>375 Beale Street, Suite 300<br>San Francisco, California 94105-2177 |
| United Healthcare Premium Billing<br>PO Box 959782<br>St. Louis, MO 63195-9782 | United States Trustee<br>903 San Jacinto, Suite 230<br>Austin, TX 78701-2450 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| Woolpert<br>P.O. Box 641998<br>Cincinnati, Ohio 45264-1998 | Zendesk<br>989 Market Street, Suite 300<br>San Francisco, California 94103-1743 | salesforce.com, inc.<br>c/o Lawrence Schwab/Thomas Gaa<br>Bialson, Bergen & Schwab<br>633 Menlo Ave., Suite 100<br>Menlo Park, CA 94025-4711 |

```
Howard Marc Spector
12770 Coit Rd.
Ste. 1100
Dallas, TX 75251-1329
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Texas Comptroller of Public Accounts        End of Label Matrix
Revenue Accounting Division - Bankruptcy    Mailable recipients   120
PO Box 13528 Capitol Station                Bypassed recipients     0
Austin, TX 78711                            Total                 120
```